IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMILY PENNINGTON-GRAY,<br><br>Plaintiff,<br><br>v.<br><br>LSL ADMINISTRATION, LLC,<br>D/B/A KIND GOODS,<br><br>Defendant. | Civil Action No.<br>________________<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

COMES NOW, Emily Pennington-Gray ("Plaintiff" or "Ms. Pennington-Gray"), by and through her undersigned counsel, and files this, her Complaint, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1. Plaintiff brings this action for damages and reasonable attorney fees against Defendant LSL Administration, LLC d/b/a Kind Goods ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2. This action challenges Defendant's sexual harassment of Plaintiff, its creation and toleration of a hostile work environment based on sex, and its retaliatory suspension and termination of Plaintiff after she opposed and complained about that unlawful conduct, in violation of Title VII.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which provides for jurisdiction in actions to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff was employed within this judicial district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district and division.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff has fulfilled all conditions precedent necessary to proceed with this cause of action under Title VII. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 560-2025-04619. The EEOC issued its Determination and Notice of Rights on June 18, 2026, and Plaintiff files this Complaint within ninety (90) days of her receipt of that notice.

## PARTIES

6. Plaintiff Emily Pennington-Gray is a citizen of the United States and a resident of the State of Missouri. At all relevant times, Plaintiff was employed by Defendant from on or about August 15, 2023, until her termination effective August 4, 2025.

7. Defendant LSL Administration, LLC is a Missouri limited liability company doing business as Kind Goods, and at all times material hereto has conducted business within this District and Division, including through its Kind Goods dispensary located at 1631 S. Broadway, St. Louis, Missouri 63104 (the "Soulard location").

8. During all times relevant hereto, Defendant has been an employer engaged in an industry affecting commerce and has employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar years.

9. Defendant is therefore an "employer" as defined under Title VII, 42 U.S.C. § 2000e(b).

10. Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Andrew M. Lammert, located at
825 Maryville Centre Drive, Suite 300 Town and Country, MO 63017.

## FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendant on or about August 15, 2023, and was quickly promoted into management, ultimately serving as the General Manager of Defendant's Soulard location.

12. As General Manager, Plaintiff was responsible for overseeing store operations, managing and training staff, and ensuring compliance with company policies and applicable regulations.

13. Throughout her employment, Plaintiff was a high-performing manager whose store consistently met or exceeded its performance goals, and she maintained an employment record free of prior discipline.

14. In or about May 2025, Tyler, a former General Manager at another of Defendant's locations who had been demoted for performance issues, was transferred to Plaintiff's Soulard location as a budtender.

15. Management instructed that Tyler was to perform only the duties of a budtender and was not to perform managerial duties.

16. Notwithstanding those instructions, Tyler repeatedly overstepped his role, accessed restricted systems and manager functions, and made staff uncomfortable.

17. Shortly after Tyler's arrival, Plaintiff and other staff members experienced inappropriate and sexualized conduct from Tyler, including sexualized comments, unsolicited discussions about his body, and intrusive comments and questions relating to gender identity and anatomy.

18. Tyler's conduct included handing Plaintiff a note directing her to a website where he purchased chest binders, making comments about Plaintiff's body, and making unsolicited and sexualized remarks in the workplace.

19. On or about July 19, 2025, in the presence of other employees, Tyler discussed female anatomy and medical conditions and stated to Plaintiff, in reference to her appearance, "that's why you grow extra chin hair."

20. Tyler's conduct was not isolated. Another employee, Inventory Specialist Maddie Harris, reported to Plaintiff that Tyler had "cornered" her and made her feel uncomfortable, and additional employees observed or experienced Tyler's inappropriate conduct.

21. Plaintiff counseled Tyler regarding his conduct, but he responded with resistance and a negative attitude, and the conduct continued and escalated.

22. Plaintiff repeatedly reported Tyler's conduct, both verbally and in writing, to her supervisor Jacob Stone (Regional Manager) and to Katie Rennegarbe (Senior Human Resources).

23. Despite Plaintiff's repeated complaints, management failed to take meaningful action to investigate or stop Tyler's conduct or to provide Plaintiff with support.

24. As a result of Tyler's ongoing conduct and management's inaction, Plaintiff suffered significant emotional distress during her employment.

25. On or about July 30, 2025, Plaintiff inquired of management about a performance-based bonus for the April through June period that had not been paid, notwithstanding that her store had exceeded its goals for each of those months.

26. On or about July 31, 2025, Tyler and Assistant Manager Veronica Wilson accused Plaintiff of allowing an "infused cheesecake" into the store, an accusation Plaintiff denies and which was made by Wilson, who was not present at the relevant time.

27. Based on that accusation, Defendant suspended Plaintiff pending an investigation on or about July 31, 2025.

28. On or about August 1, 2025, Defendant terminated Plaintiff's employment for her "actions during an investigation," specifically for contacting coworkers while she was on suspension. Plaintiff's separation was made effective August 4, 2025.

29. Following Plaintiff's termination, Veronica Wilson was made General Manager of the Soulard location, while Tyler remained employed and no action was taken against him.

30. After Plaintiff's termination, false rumors were spread about the reasons for her departure, including that she had been "fired for being racist," which caused Plaintiff reputational harm and further impaired her ability to secure future employment.

31. Defendant did not contest Plaintiff's claim for unemployment benefits, further indicating the absence of legitimate grounds for her termination.

32. Plaintiff had no prior disciplinary record before the events described herein.

33. Although Defendant purports to provide a legitimate, non-discriminatory reason for Plaintiff's suspension and termination, that reason is pretextual and inconsistent with Defendant's past practices.

34. Plaintiff's suspension and termination were causally connected to her protected activity of opposing and complaining about Tyler's sexual harassment and the hostile work environment.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic damages, including lost wages, lost benefits, an ongoing wage differential, and an unpaid

bonus, as well as non-pecuniary damages, including emotional distress and reputational harm.

## CLAIMS FOR RELIEF

## COUNT I: SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36. Plaintiff re-alleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff, a female employee, was subjected to unwelcome conduct based on sex, including sexualized comments and remarks about her body and anatomy, in the course of her employment with Defendant.

38. The conduct to which Plaintiff was subjected was sufficiently severe or pervasive to alter the terms and conditions of her employment and to create a hostile and abusive work environment.

39. Defendant knew or should have known of the harassment through Plaintiff's repeated verbal and written complaints to management and human resources, yet failed to take prompt and appropriate corrective action.

40. Defendant's conduct constitutes unlawful sex discrimination and the maintenance of a hostile work environment in violation of Title VII, 42 U.S.C. § 2000e-2(a).

41. As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages, including lost wages and benefits, emotional distress, and reputational harm.

42. Defendant's actions were undertaken with malice or with reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

**COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

43. Plaintiff re-alleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

44. Plaintiff's complaints of sexual harassment and a hostile work environment constitute conduct protected under Title VII.

45. Defendant's suspension and termination of Plaintiff's employment following, and because of, her complaints of sexual harassment constitute unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a).

46. The reasons offered by Defendant for Plaintiff's suspension and termination are pretextual, and Plaintiff's protected activity was causally connected to the adverse employment actions taken against her.

47. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered economic and non-pecuniary damages, including lost wages and benefits, emotional distress, and reputational harm.

48. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith and with malice or reckless indifference to her federally protected rights, thereby entitling Plaintiff to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Emily Pennington-Gray respectfully prays for judgment against Defendant as follows:

(a) A trial by jury as to all triable issues of fact;

(b) Back pay, front pay, and other compensatory damages for lost wages and benefits;

(c) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(d) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts in violation of Plaintiff's rights under Title VII;

(e) Declaratory relief establishing that Defendant violated Plaintiff's rights under Title VII;

(f) Injunctive relief ordering Plaintiff's reinstatement to her former position, or front pay in lieu thereof, and prohibiting Defendant from engaging in further unlawful conduct of the type described herein;

(g) Reasonable attorney's fees and expenses of litigation;

(h) Prejudgment and post-judgment interest at the maximum rate allowed by law;

(i) All costs of this action; and

(j) Such other and further relief as this Court deems just and proper.

*[Signature on the following page.]*

Respectfully submitted this 16th day of September, 2026.

**BARRETT & FARHANY**

*s/ Alan G. Crone*

Alan G. Crone
Missouri Bar No. 73285
Alexander W. Gass
Missouri Bar No. 72810

*Counsel for Plaintiff Emily Pennington-Gray*

2921 Piedmont Road
Atlanta, GA 30305
P: (901) 737-7740
P: (314) 973 3163
F: (404) 541 4772
acrone@justiceatwork.com
agass@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMILY PENNINGTON-GRAY,<br><br>Plaintiff,<br><br>v.<br><br>LSL ADMINISTRATION, LLC,<br>D/B/A KIND GOODS,<br><br>Defendant. | Civil Action No.<br>________________<br><br>JURY TRIAL DEMANDED |

**DECLARATION AND VERIFICATION**

I, **Emily Pennington-Gray**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

Dated: September 16, 2026

Emily Pennington-Gray (Sep 16, 2026 15:05:42 CDT)
Emily Pennington Gray